## HODGE v. HUDSON.

(Filed October 17, 1905).

### *Deeds—Fraud—Evidence.*

1. In an action by plaintiff, who was an illiterate man, to set aside a deed because it was obtained by fraud and without consideration, evidence that the defendant, an educated man and a physician, went to the plaintiff's premises, and representing that he had bought in an old mortgage debt, which plaintiff claimed had been paid, procured from the plaintiff, without any payment to him, the execution of a deed which was written by the defendant and was different from what was represented, and the existence of the mortgage debt was not shown, *held,* the case was properly submitted to the jury.

2. In an action to set aside a deed for fraud, where the plaintiff had testified that the purport of the deed which was written by the defendant, was different from what was represented, and the plaintiff could not read, it was competent to ask him, "Who told you that the deed conveyed all your interest in the land," not to prove the declaration of the third party, but to corroborate the plaintiff that as soon as he learned that fact, he put up notices repudiating the deed.

3. In an action to set aside a deed for fraud and for want of consideration, endorsements upon a mortgage, which the defendant claimed to have bought in, were properly excluded, the mortgage note not being produced.

4. Where the mortgage debt had not been shown or proven, it was not competent to prove a declaration made by R that she owned the debt, nor was the evidence as to the purchase of the mortgage by the defendant from R, who was not shown to have the legal title, competent.

ACTION by Isham Hodge against W. L. Hudson, heard by *Judge G. S. Ferguson* and a jury, at the May Term, 1905, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff, the defendant appealed.

*N. A. Sinclair* for the plaintiff.

*H. L. Cook; Pou & Fuller; T. H. Sutton* and *W. A. Stewart* for the defendant.

CLARK, C. J.    This is an action to set aside a deed because it was obtained by fraudulent representations, and without consideration.    The plaintiff was an illiterate colored man, who had been in possession of the land for twenty-one years under a deed therefor.    The defendant, an educated man and a physician, went to the plaintiff's premises, and representing that he had bought in an old mortgage debt of plaintiff (which the latter claimed had been paid), procured from the plaintiff, without any payment to him, the deed now sought to be set aside.    Both parties gave in their version of the transaction, and the jury found for plaintiff.    There was evidence to permit the cause to be submitted to the jury and the motion for nonsuit was properly refused.

The plaintiff testified that the deed was made on Wednesday or Thursday, and that he put up notices Friday or Saturday forbidding the defendant to come on the land.    As he had testified that the purport of the deed which was written by the defendant, was different from what was represented, and the plaintiff could not read, it was competent to ask him "who told you that the deed conveyed all your interest in the land"—not to prove the declaration of the third party, but to corroborate the plaintiff that as soon as he learned that fact, he put up notices repudiating the deed.    The endorsements upon the mortgage were properly excluded.    The mortgage note was not produced, the alleged endorsements on the mortgage would not have conveyed the debt, nor the property (for title in the endorsers was not shown), and it does not appear that the signatures of the alleged endorsers were proven. Nor was it competent to show by plaintiff that Louise Robeson owned the debt.    It would have been only her declaration, if she had made it, the debt not being shown or

proven. Besides, the defendant testified that he bought the mortgage from her agent, E. Smith, her uncle, agent and former guardian; who, when introduced as a witness for the defendant, and asked if he had such transaction with defend-' ant, limited his reply to a statement that he had never seen the alleged mortgage note. The existence of the note is not proven by any one, nor is its loss, if lost, attempted to be accounted for. The defendant's prayers for instructions were given, except the fourth, which was on the reverse side of the sheet, and was overlooked by the court. This would not of itself correct the error in failing to give it, but the existence of the debt not having been shown, and the note not having been produced, the prayer should not have been given, except that part which was given in the charge. The evidence offered as to the purchase of the mortgage by the defendant from Louise Robeson, who was not shown to have the legal title, was irrelevant. The matter at issue is whether the defendant procured the execution of the deed by fraudulent representations, of which there was evidence, if believed by the jury.

It appears from the defendant's evidence that he paid the plaintiff nothing; the existence of the alleged mortgage debt is not shown; and in the conflict of testimony as to the representations made to the plaintiff, the jury found that "the deed from plaintiff to the defendant was procured by the fraudulent misrepresentation of the defendant." The other exceptions do not require discussion.

No Error.